**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Milton Contreras | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 7910 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Thomas M. Durkin |
| Tom Dart and Lt. Delitz et. al., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendants, Lt. Delitz, Supt. Beachum, Officer Perry, Officer "A.J.", by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Bianca B. Brown, and answers Plaintiff's Amended Complaint as follows:

**STATEMENT OF CLAIM**

1. On July 2016, Plaintiff was moved from tier 2H to tier 2Q in Division 6 by Defendant Delitz.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint.**

2. Tier 2Q was considered "privilege" and part of a program.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.**

3. Officer Delitz had me painting from 8am to 2pm tier 2Q because many of the detainees were "out" that day.

1

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.**

4. Many of the detainees did not want Plaintiff on that tier because of his sexual orientation. Plaintiff was constantly harassed by other inmates daily.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.**

5. Plaintiff complained about the harassment to Defendant Perry and Delitz and nothing changed.

**ANSWER:** **Defendants denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.**

6. Officer "A.J." began harassing Plaintiff, slamming his door and calling him derogatory names in front of the tier. Officer "A.J." then stated that he was going to have Plaintiff's "gay ass" removed from the tier and send Plaintiff to protective custody.

**ANSWER:** **Defendant "A.J." denies the allegation contained in Paragraph 6 of Plaintiff's Amended Complaint.**

7. On November 14 on the 3-11 shift while working out on tier 2 Q Division 6 Plaintiff was attacked by detainee Wilson, one of the six people Plaintiff had previously complained about. Wilson struck Plaintiff on his eye and face several times, hit him on the head and choked him causing severe throat pain.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.**

8. Plaintiff was taken in an ambulance to Stroger Hospital.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.**

9. Plaintiff was released from Stroger Hospital without any medications or pain medicine.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.**

10. One week after the attack, Plaintiff was sent to the hospital for a burst appendix.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.**

### RELIEF

The plaintiff wants Defendants held responsible for inmate Wilson beating him up and wants monetary gain for his pain and suffering.

**ANSWER:** **Defendants deny that they are responsible for Plaintiff getting beaten by detainee Wilson and that Plaintiff is entitled to judgment against Defendants and denies that Plaintiff is entitled to damages or any relief thereof.**

## **AFFIRMATIVE DEFENSES**

Defendant, Director Jones, through his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, by her Assistant State's Attorney, Bianca B. Brown, sets forth the following affirmative defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in his official capacity, Defendant is immune from having to pay punitive damages to Plaintiff.

3. To the extent Plaintiff is making any claims under Illinois law, Defendant is immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

4. To the extent Plaintiff is making any claims under Illinois law, Defendant is immune under 745 ILCS 10/4-103 of the Illinois Tort Immunity Act, which confers on public employees immunity from liability "for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners." 745 ILCS 10/4-103.

5. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

6. Defendant reserves the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendants, Defendants, Lt. Delitz, Supt. Beachum, Officer Perry, Officer "A.J.", denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendant prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of the Defendant's fees, costs and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Bianca B. Brown*
Bianca B. Brown
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6638